**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 30, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

UNDRAY LYNELL PERRY,

Defendant - Appellant.

No. 12-6156

(W.D. Oklahoma)

(D.C. Nos. 5:11-CV-01210-F
and 5:10-CR-00114-F-1)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **MURPHY**, **ANDERSON**, and **HARTZ**, Circuit Judges.

---

Defendant Undray Lynell Perry, proceeding pro se, filed a motion for relief under 28 U.S.C. § 2255 in the United States District Court for the Western District of Oklahoma. The district court denied the motion. Defendant now seeks a certificate of appealability (COA) from this court so that he may appeal the district court's decision. *See* 28 U.S.C. § 2253(c)(1)(B) (requiring COA to appeal denial of § 2255 relief). We deny the application for a COA and dismiss the appeal because the district court's decision is not debatable or wrong.

Defendant pleaded guilty on April 12, 2010, to possession with intent to distribute cocaine base. *See* 21 U.S.C. § 841(a)(1). In part because of a delay caused by the passage of the Fair Sentencing Act and the need for revised sentencing guidelines, he was not sentenced until March 10, 2011, when he

received a sentence of 150 months' imprisonment and five years' supervised release. Defendant's § 2255 motion, filed on October 24, 2011, asserts that his due-process rights were violated because he was mentally incompetent and was not provided a competency hearing, and that his counsel was ineffective for failing to request a competency hearing and for improperly causing him to plead guilty by misinforming him about his potential sentence.

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

As the district court correctly recognized:

"Competency claims can raise issues of both substantive and procedural due process." "A procedural competency claim is based upon a trial court's alleged failure to hold a competency hearing," while a substantive competency claim is founded on the allegation that a guilty plea was accepted while the defendant[] was, in fact, incompetent.

Order at 5, *United States v. Perry*, Nos. CR-10-114-F and CIV-11-1210-F (W.D. Okla. June 4, 2012) (citation and brackets omitted) (quoting *McGregor v. Gibson*, 248 F.3d 946, 952 (10th Cir. 2001) (Order). "[T]o prevail on a procedural due process competency claim a petitioner must raise a bona fide doubt regarding his competency to stand trial at the time of conviction." *McGregor*, 248 F.3d at 953 (footnote omitted). As the district court recognized, Defendant has raised no such doubt: He was rational and cooperative at the plea hearing, he was not on medication, he and his attorney both stated that they had no doubt about his ability to understand the proceedings, and his statement that he read only "'a little bit'" does not equate to legal incompetence. Order at 7. He stated at his plea hearing that he had been treated for a mental problem about five months earlier and added, "I get it from my dad, mental disability." *Id.* at 6. But he could not recall what his mental illness was; and the presentence investigation report said that he received a social security check based on his father's mental illness and that the mental-health facility identified by Defendant had no available records and reported that he was not a client. We agree with the district court that the mere fact that "defendant was purportedly seen five months prior to the plea hearing for an unknown mental problem [did] not, without more, give rise to a bona fide doubt as to defendant's ability to understand the proceedings or consult with his lawyer." *Id.* at 7. Defendant's substantive-incompetency claim similarly fails because the minimal evidence presented—low language and reading scores

and a nonspecific allegation of a mental problem unsupported by further corroboration or elaboration—does not create a "real, substantial and legitimate doubt" about his competency. *Allen v. Mullin*, 368 F.3d 1220, 1240 (10th Cir. 2004) (internal quotation marks omitted).

Defendant's ineffective-assistance-of-counsel claims are likewise unavailing. To succeed on an ineffective-assistance claim, a defendant must show "that counsel's performance was deficient . . . [and] that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The district court correctly ruled that Defendant could not show prejudice from failure to raise a competency issue because, for the reasons discussed above, he did not show a reasonable possibility that he was incompetent and that a court would have found him so. Regarding Defendant's allegation that his attorney provided misleading statements about how his sentence would be calculated, the district court correctly recognized that Defendant had failed to establish prejudice because he was correctly informed about the potential sentence in the plea agreement, in the plea petition, and at the plea hearing itself.

No reasonable jurist would dispute the district court's decision. We DENY

the request for a COA and DISMISS the appeal.  We GRANT the motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge